UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM RUPPRECHT, )
        Plaintiff )
  )
  )
  )
      v. ) Civil Action No. 10-30300-MAP
  )
  )
  )
  )
CITY OF PITTSFIELD, ET AL., )
        Defendants )

REPORT AND RECOMMENDATION REGARDING DEFENDANTS'
MOTIONS TO DISMISS (Document Nos. 12 and 15)
March 4, 2011

NEIMAN, C.M.J.

    The City of Pittsfield, Massachusetts, its zoning board of appeals, and five city officials (together "the Pittsfield Defendants") have together moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss a *pro se* complaint filed by William J. Rupprecht ("Plaintiff") for failing to state claims upon which relief can be granted. A separate Rule 12(b)(6) motion to dismiss has been filed by the remaining defendant, Richard Dohoney ("Dohoney"), the Pittsfield City Solicitor. Defendants' motions to dismiss have been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the court will recommend that both motions be allowed.

I. BACKGROUND

    This action has a long history. It arises from a 2004 land-use dispute between Plaintiff and the City of Pittsfield concerning a particular lot of land. (See Compl. ¶¶ 11-

19.) Apparently, Plaintiff, but not the city, believed that the lot was "buildable." (*Id.* ¶¶ 6-9.)

In 2006, during the early stages of the dispute, Plaintiff filed a *pro se* lawsuit against a number of Pittsfield defendants in this court. *See Rupprecht v. City of Pittsfield*, Civil Action No. 06-30117-KPN. That action was dismissed by the undersigned for a variety of substantive and procedural reasons; for example, Plaintiff impermissibly pled claims of conspiracy, individual liability, unconstitutional policy or custom substantive due process, and violations of 42 U.S.C. §§ 1981, 1982 and 1986. *Id.*, Mem. & Order Re Defs.' Motion J. Pleadings (Doc. No. 12) (Dec. 6, 2006), at 2. Moreover, the individual defendants persuasively argued that they were protected by qualified immunity from any actions they allegedly took against Plaintiff. *See id.* Also, this court dismissed, "without prejudice," Plaintiff's "takings claim, as well as his procedural due process and equal protection causes of action" because he had "failed to exhaust his administrative remedies with respect to these claims." *Id.* at 3.

Undeterred, Plaintiff appealed the court's decision, but the First Circuit Court of Appeals affirmed the dismissal. In so doing, the First Circuit advised Plaintiff that "land-use conflicts rarely support constitutional claims," that "[e]xtreme circumstances are required to support substantive due process or equal protection claims," and that he had "made no showing that he satisfied any of [the exhaustion] requirements" for procedural due process and Fifth Amendment takings claims. *Rupprecht v. City of Pittsfield*, 225 F. App'x. 1, slip op. at 1 (1st Cir. May 31, 2007) (citations omitted). The United States Supreme Court thereafter denied Plaintiff's subsequent petition for a writ of *certiorari*. *Rupprecht v. City of Pittsfield*, 552 U.S. 957 (2007).

Three years later, in 2010, the Massachusetts Land Court issued a decision determining that Plaintiff's lot was buildable, a fact Plaintiff appears to claim he had expected and desired since his initial purchase of the land in 2004. (See Compl. at 1; Pl.'s Motion Opposing Defs.' Motion for Dismissal Per Fed. R. Civ. P. 12(b)(6) ("Pl.'s Brief") ¶¶ 3, 5.)[1] Accordingly, it seems that Plaintiff now wishes to re-institute a "class of one" equal protection claim, see *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000), against the Pittsfield Defendants and Dohoney (together "Defendants") pursuant to 42 U.S.C. § 1983. (See Pl.'s Brief ¶ 3; Compl. at 8.) Plaintiff also alleges violations of 42 U.S.C. § 1981, as well as perjury and "a pattern of subterfuge and malfeasance" from 2004 to 2010, and seeks $1.25 million in damages. (Compl. at 1, 8.)

## II. STANDARDS OF REVIEW

When faced with a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim, the court must accept the allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff. See *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Coyne v. City of Somerville*, 972 F.2d 440, 443 (1st Cir. 1992). In addition, *pro se* pleadings must be construed liberally. See *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto De Educacion Universal Corp. v. United States Dep't of Educ.*, 209 F.3d 18, 23 (1st Cir. 2000). Recently, however, the Supreme Court made clear that, under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007),

---

[1] A copy of the Land Court's Decision is attached to Doheney's motion to dismiss. See *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (at motion to dismiss stage, court may properly consider "documents the authenticity of which are not disputed by the parties[,] . . . official public records[,] . . . documents central to plaintiffs' claim . . . [and] documents sufficiently referred to in the complaint.")

3

only a complaint that states a plausible claim for relief, on its face, will survive a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). In *Iqbal*, the Court stated that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

### III. DISCUSSION

In the court's view, Plaintiff's main cause of action can be dealt with in short order. In order to advance a "class of one" equal protection claim, a plaintiff must allege that he was "treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Olech*, 528 U.S. at 564. He must also show the presence of malice or bad faith. *Rubinovitz v. Rogato*, 60 F.3d 906, 911 (1st Cir. 1995) ("[I]n the absence of invidious discrimination or the abuse of a fundamental right, a party may establish an equal protection violation with evidence of bad faith or malicious intent to injure."). Here, Plaintiff does not offer the existence of anyone who was similarly situated to him and also fails to adequately allege any malice or bad faith on the part of Defendants; at best, Plaintiff makes only one conclusory assertion against one defendant in that regard. (See Compl. ¶ 17 (in which Plaintiff asserts that Gerald Garner, Pittsfield's Building Inspector, "laughed at" Plaintiff's buyer in 2007 and told him that Plaintiff's property will "never" be built on).) These are fatal flaws.

In addition, Defendants make persuasive -- and essentially unrebutted -- arguments that Plaintiff's claims are all barred by the three-year limitations period for section 1983 claims, *see generally Sampson v. Town of Salisbury*, 441 F. Supp. 2d 271,

4

275 (D. Mass. 2006) (citing cases), and that the individual defendants continue to be protected by qualified immunity, *see Maldonado v. Fontanes*, 568 F.3d 263, 269 (1st Cir. 2009). Moreover, Plaintiff's section 1981 and perjury claims appear abandoned; even Plaintiff appears to concede such claims were "dismissed with prejudice" in 2006. (See Pl.'s Brief at 2.) In any event, it is also well established that Plaintiff cannot sue for an alleged violation of criminal law. *See Feeley v. United States*, 16 F.3d 401, 1993 WL 557109, at *1 (1st Cir. 1993) (unpublished) (upholding summary dismissal of a *pro se* complaint and noting that the plaintiff "has no constitutional right to have certain prosecutions undertaken at his behest") (citing *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988)).

In the end, the First Circuit's prior admonition to Plaintiff -- that "land-use conflicts rarely support constitutional claims" and that "[e]xtreme circumstances are required to support substantive due process or equal protection claims," *Rupprecht v. City of Pittsfield*, 225 F. App'x. 1, slip op. at 1 (1st Cir. May 31, 2007) -- continues to hold considerable weight. The fact that the Land Court ruled favorably for Plaintiff does not change that analysis, since even the Land Court itself essentially deemed this a run-of-the-mill building dispute without any constitutional or criminal overtones. (See Land Court Decision at 7 n.10 (finding no facts of malice and refusing to entertain Plaintiff's claims of criminal violations).) Accordingly, the court has little choice but to recommend that Defendants' motions to dismiss be granted.

IV. CONCLUSION

For the foregoing reasons, the court recommends that Defendants' motions to

dismiss be ALLOWED.[2]

DATED: March 4, 2011

                                                    /s/ Kenneth P. Neiman
                                                    KENNETH P. NEIMAN
                                                    U.S. Magistrate Judge

---

[2] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.